UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERIK R.A.,[1] | No. 2:26-cv-00855-TLN-CSK |
| Petitioner, | A# 205-023-219 |
| v. | |
| WARDEN OF THE CALIFORNIA CITY CORRECTIONAL CENTER, et al., | **ORDER** |
| Respondents. | |

This matter is before the Court on Petitioner Erik R.A.'s ("Petitioner") Petition for Writ of Habeas Corpus ("the Petition"). (ECF No. 1.)  Respondents filed a Motion to Dismiss (ECF No. 6) and a response to the Petition (ECF No. 7).  For the reasons set forth below, the Motion to Dismiss is DENIED, the Petition is GRANTED, and Respondents are ordered to IMMEDIATELY RELEASE Petitioner.

///

_____

[1]    The Court omits Petitioner's full name to protect sensitive personal information.  *See* Memorandum Re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

1

I.     FACTUAL BACKGROUND[2]

This matter arises out of Petitioner's challenge to his civil immigration detention. Petitioner is not a United States citizen, but he last entered the United States in March 2019 seeking safety from violence and threats in his home country. (ECF No. 1 at 4–5.) Over the last approximately nine years, Petitioner has established a life in the United States. Petitioner is also the primary financial support for his elderly parents. (*Id.*)

Petitioner has no pending criminal matters. (*Id.*) However, Petitioner has a history of driving offenses, including driving under the influence. (ECF Nos. 1 at 2; 7 at 2–3.) Petitioner's last offense was charged in 2023 and he asserts that he has fully complied with all court requirements, including payment of fines and fees and completion of classes. (ECF No. 1 at 2, 23–26.) Other than driving offenses, Petitioner has no other criminal history. (*See* ECF No. 6 at 15–23.)

On March 2, 2026, U.S. Immigration and Customs Enforcement ("ICE") detained Petitioner outside his home, without warning, while he was taking out his trash. (ECF No. 1 at 1.) Thereafter, Respondents instituted removal proceedings against Petitioner, which are still pending. (*Id.* at 20–21; ECF No. 7 at 8.)

Petitioner suffers from epilepsy, requiring medication to control his seizures. (*Id.*) Petitioner asserts his continued detention places his health at risk making it more difficult to maintain the consistent medical treatment he requires. (*Id.*)

Petitioner has now been detained over two months. (*See id.*) Petitioner alleges Respondents have refused to provide him a bond hearing or an individualized assessment of his flight risk and danger to the community. (*Id.* at 11–12.) Through the Petition, he challenges the lawfulness of his civil immigration detention under the Immigration and Nationality Act ("INA") and the Fifth Amendment. (*See* ECF No. 1.) Respondents contend Petitioner is subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2). (ECF No. 6.)

///

---

[2]     The facts are not disputed.

2

## II.   STANDARD OF LAW

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.   ANALYSIS

Petitioner claims his detention violates the INA and the Fifth Amendment Due Process Clause.[3] (ECF No. 1 at 11–12.) The Court addresses each claim.

### A.   Immigration and Nationality Act

Petitioner alleges that his detention without a bond hearing violates the INA, 8 U.S.C. § 1226(a). (*Id.* at 10–11.) Respondents contend Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). (ECF No. 6 at 1–4.)

Under the INA, 8 U.S.C. § 1226(a) "provides the general process for arresting and detaining [noncitizens] who are present in the United States and eligible for removal." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1196 (9th Cir. 2022). Section 1226(a) provides the Government broad discretion whether to release or detain the individual and it provides several layers of review for an initial custody determination. *Id.* It also confers "an initial bond hearing before a neutral decisionmaker, the opportunity to be represented by counsel and to present evidence, the

---

[3] Petitioner also claims his detention is unreasonable and excessive (Count Three), however, because the Court finds relief warranted under Petitioner's INA and Fifth Amendment claims, it declines to address Count Three of the Petition in favor of judicial economy.

3

right to appeal, and the right to seek a new hearing when circumstances materially change." *Id.* at 1202. Additionally, § 1226(a) authorizes discretionary detention upon issuance of an administrative warrant.

Conversely, 8 U.S.C. § 1225(b)(2) mandates detention during removal proceedings for "applicants for admission" who are "seeking admission" and does not provide for a bond hearing.

Until the U.S. Department of Homeland Security changed its policy in July 2025, the Government consistently applied § 1226(a), not § 1225(b)(2), to noncitizens residing in the United States who were detained by immigration authorities and subject to removal.

The vast majority of courts across this Circuit, including this one, have repeatedly rejected Respondents' argument on the applicability of § 1225(b)(2) to persons like Petitioner who reside in the United States. *See Morales-Flores v. Lyons*, No. 1:25-CV-01640-TLN-EFB, 2025 WL 3552841, at *3 (E.D. Cal. Dec. 11, 2025) (explaining this Court's reasons for taking this position and collecting cases). "These courts examined the text, structure, agency application, and legislative history of 1225(b)(2) and concluded that it applies only to noncitizens 'seeking admission,' a category that does not include noncitizens like [Petitioner], living in the interior of the country." *Salcedo Aceros v. Kaiser*, No. 25-CV-06924-EMC, 2025 WL 2637503, at *8 (N.D. Cal. Sept. 12, 2025) (collecting cases).

In comparison, "[t]he government's proposed reading of the statute (1) disregards the plain meaning of section 1225(b)(2)(A); (2) disregards the relationship between sections 1225 and 1226; (3) would render a recent amendment to section 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice." *Lepe v. Andrews*, No. 1:25-CV-01163-KES-SKO (HC), 2025 WL 2716910, at *4 (E.D. Cal. Sept. 23, 2025) (collecting cases). Respondents offer no new arguments or facts justifying reconsideration in this case.

For these reasons, and consistent with this Court's numerous prior rulings, the Court finds Petitioner is not an applicant for admission subject to mandatory detention under § 1225(b)(2). Rather, Petitioner's detention is governed by § 1226(a) and he is entitled to the process required by that provision including a bond hearing, at minimum. Yet, Respondents have not provided Petitioner any such bond or custody hearing in over two months of detention. Additionally, there

4

is no evidence in the record that Respondents had a valid warrant for Petitioner's arrest.[4] *See Chogllo Chafla v. Scott*, 804 F. Supp. 3d 247, 264 (D. Me. 2025) ("Issuance of a warrant is a necessary condition to justify discretionary detention under section 1226(a). . . . As such, it follows that absent a warrant a noncitizen may *not* be arrested and detained under section 1226(a).") (emphasis in original).  Therefore, Respondents have violated § 1226(a) of the INA.

### B.      Fifth Amendment Procedural Due Process

Petitioner also alleges his detention violates the Fifth Amendment Due Process Clause. (ECF No. 1 at 11–12.)  The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law.  U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017).  The Due Process Clause applies to all "persons" within the borders of the United States, regardless of immigration status.  *Zadvydas*, 533 U.S. at 693.  These due process rights extend to immigration proceedings and detention.  *Id.* at 693–94.

Courts examine procedural due process claims in two steps: the first asks whether there exists a protected liberty interest under the Due Process Clause, and the second examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution.  *See Kentucky Dep't of Corrections v. Thompson*, 490 U.S. 454, 460 (1989); *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due.").

#### i.   Liberty Interest

As for the first step, the Court finds Petitioner has a protectable liberty interest. "[F]reedom from imprisonment is at the 'core of the liberty protected by the Due Process Clause.'"  *Hernandez*, 872 F.3d at 993 (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)). "Even where the revocation of a person's freedom is authorized by statute, that person may retain a protected liberty interest under the Due Process Clause."  *See Rico-Tapia v. Smith*, No. 25-CV-

---

[4]      On March 12, 2026, the Court ordered Respondents to file, *inter alia*, "any custody warrants or notices" for Petitioner.  (ECF No. 4.)  Respondents did not produce any warrants or notices for the arrest contested in the instant proceeding.  (*See* ECF No. 6.)

5

00379 SASP-KJM, 2025 WL 2950089, at *8 (D. Haw. Oct. 10, 2025). Liberty interest may be strengthened over time. *See, e.g., Doe v. Becerra*, 787 F. Supp. 3d 1083, 1093 (E.D. Cal. 2025) (noting the Government's actions in allowing petitioner to remain in the community for over five years strengthened petitioner's liberty interest).

The Court finds Petitioner has a clear liberty interest in his continued freedom protected by the Due Process Clause. Petitioner has lived in the United States for approximately nine years during which time he built a life and works to support his elderly parents. Even if he is subject to removal or his freedom could be revoked by statute, Petitioner's liberty is still protected by the Due Process Clause. *See Hernandez*, 872 F.3d at 993, *Zadvydas*, 533 U.S. at 693. With a clear liberty interest, the Court next turns to the procedural safeguards that were owed to Petitioner.

### ii. Procedures Required

As to the second step — what procedures or process is due — the Court considers three factors: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

First, as explained above, Petitioner has a substantial private interest in his own liberty that is unquestionably affected by Respondents' actions detaining him. Despite his interest in maintaining his liberty, Petitioner has now been detained for over two months, after an arrest without proper authority, and without any opportunity to be heard as to the justification of his detention. He is unable to work to support his parents and continuity of his medical treatment is at risk. Accordingly, this factor weighs in favor of finding Petitioner's private interest has been impacted by his detention. *See Manzanarez v. Bondi*, No. 1:25-CV-01536-DC-CKD (HC), 2025 WL 3247258, at *4 (E.D. Cal. Nov. 20, 2025) (finding similarly).

Second, the risk of erroneous deprivation is considerable given Petitioner has not received any process, either pre- or post-detention. Because civil immigration detention is "nonpunitive in purpose and effect," a "special justification" must outweigh Petitioner's protected liberty interest

6

in order for detention to comport with due process. *Zadvydas*, 533 U.S. at 690. Where removal is not imminent under a final order of removal, "[t]he government has no legitimate interest in detaining individuals who have been determined not to be a danger to the community and whose appearance at future immigration proceedings can be reasonably ensured by [ ] bond or alternative conditions." *Hernandez*, 872 F.3d at 994. Here, Petitioner is not subject to a final order of removal; his immigration proceedings are still pending. Respondents do not argue Petitioner is a danger to the public or a flight risk. Petitioner's last DUI was in 2023 and has fully complied with the requirements for that conviction; he has no other criminal history. Therefore, the risk that he is being detained without proper justification is high. *A.E. v. Andrews*, No. 1:25-CV-00107-KES-SKO, 2025 WL 1424382, at *5 (E.D. Cal. May 16, 2025).

Finally, the government's interest is low, and the effort and cost required to provide Petitioner with procedural safeguards are minimal. *See Garcia v. Andrews*, No. 2:25-CV-01884-TLN-SCR, 2025 WL 1927596, at *5 (E.D. Cal. July 14, 2025). Although the Court recognizes the government's interest in immigration enforcement, that interest does not outweigh all procedural safeguards. Notice and custody determination hearings are routine processes for Respondent and are indeed the very processes required under § 1226(a). Any delay in detention (if justified) for the time to provide notice and a hearing would have been minimal. Any burden associated with the provision of these processes does not outweigh Petitioner's substantial liberty interest and the risk of erroneous deprivation.

Upon consideration of the *Mathews* factors, the Court finds Petitioner was entitled to notice and a hearing before a neutral decisionmaker. Yet, Petitioner was not provided any notice or warrant, nor was he given a pre-deprivation hearing. Neither have Respondents provided a post-deprivation hearing over two months of detention. Therefore, Respondents violated the Fifth Amendment and Petitioner's procedural due process rights.

///

///

///

///

7

#### IV.   CONCLUSION[5]

Petitioner is detained in violation of the U.S. Constitution and federal law.  Accordingly, IT IS HEREBY ORDERED:

1. Respondents' Motion to Dismiss the Petition (ECF No. 6) is DENIED.[6]

2. The Petititon for Writ of Habeas Corpus (ECF No. 1) is GRANTED.[7]

3. Respondents must IMMEDIATELY RELEASE Petitioner Erik R.A. (A# **205-023-219**) from custody under the same conditions he was released prior to his current detention. Respondents shall not impose any additional restrictions on him, unless such restrictions are determined to be necessary at a future pre-deprivation/custody hearing.  At the time of release, Respondents must **provide a copy of this Order to Petitioner** and return all of Petitioner's documents and possessions.

4. **Respondents must file a notice of compliance with this Order by May 11, 2026.**

5. To avoid further irreparable harm and protect the public interest, Respondents are ENJOINED from re-detaining Petitioner absent compliance with constitutional protections, including a minimum of seven-days' notice and a pre-deprivation hearing before a neutral fact-finder where: (a) Respondents show material changed circumstances demonstrate a significant likelihood of Petitioner's removal in the reasonably foreseeable future, or (b) Respondents demonstrate by clear and convincing evidence that the government's interest in protecting the public or ensuring Petitioner appears at future

---

[5]   Respondents request the Court hold this case in abeyance until the Ninth Circuit rules on *Rodriguez Vasquez v. Bostock*, 779 F.Supp.3d 1239 (W.D. Wash. 2025), which may have precedential effect on one issue in case.  (ECF No. 7 at 4.)  The Court declines to delay relief on the prospective chance a pending appeal could change the outcome of one issue.

[6]   Respondents' motion seeks to dismiss Respondents other than Petitioner's immediate custodian. (ECF No. 6.)  The Court has previously addressed this issue. *See Gabino C.B. v. Warden Cal. City Corr. Ctr.*, No. 2:26-CV-00655-TLN-CKD, 2026 WL 890584, at *1 (E.D. Cal. Apr. 1, 2026).  Given that Petitioner has properly named his immediate custodian and future injunctive relief is warranted for the additional Respondents who exercise legal control over immigration enforcement for Petitioner, the Court declines to dismiss the additional Respondents.

[7]   Petitioner also seeks an award of attorney's fees and costs under the Equal Access to Justice Act.  (ECF No. 1 at 14.)  The Court will consider any timely filed request for fees and costs on a properly noticed and supported motion.

8

immigration proceedings outweighs his constitutionally protected interest in remaining free from detention. *Zadvydas*, 533 U.S. at 690; *Hernandez*, 872 F.3d at 990. At any such hearing, Petitioner shall be allowed to have counsel present.

6. The Clerk is directed to serve the **California City Corrections Center** with a copy of this Order.

7. The Clerk of the Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: May 7, 2026

_____
TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE